

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 2, 1962

Honorable John E. Fitzgibbon
County Attorney
Webb County Courthouse
Laredo, Texas

Opinion No. WW-1324

Re: Whether the provisions of
Art. 13.04, Texas Election
Code, with reference to
places of holding party
primaries are mandatory
or directory.

Dear Mr. Fitzgibbon:

You have asked the following questions:

"1.  Is Art. 13.04, Texas Election
Code, mandatory or merely direc-
tory?

"2.  In the event the two Chairmen of
the two political parties cannot
agree as to the use of the same
polling places, does the County
Judge, under the provisions of
the second sentence of Art. 13.04,
Texas Election Code, have the dis-
cretionary power to designate pol-
ling places less than 100 yards
apart from each other, or is he
duty bound under the first sentence
of Art. 13.04 to designate polling
places not less than 100 yards
apart?"

You further stated in your letter:

"Several weeks ago, Mr. Honore
Ligarde, the Democratic Chairman from
Webb County, was foresighted enough to
request the Laredo Independent School
District for the use of the schools in
order to hold the Democratic Primary.
No request at that time was made by
the Republican Party and it is unknown
as to whether or not any request to
use the schools have been made at this
time by the Republican Party.

"It will be impossible in most
of the schools in the Laredo Indepen-
dent School District, because of the
square foot area, to hold primaries
for both parties the same day and still
keep the polling places over one hundred
yards apart."

Art. 13.04, Texas Election Code of 1951 (formerly Art.
3103, Revised Civil Statutes of Texas, 1925) reads as follows:

"The places of holding primary
elections of political parties in
the various precincts of the State
shall not be within one hundred (100)
yards of the place at which such elec-
tions or conventions are held by a
different political party.  When the
Chairmen of the Executive committee
of the different parties cannot agree
on places where precinct primary elec-
tions to be held on the same day shall
be held, such places in each precinct
shall be designated by the county judge,
who shall cause public notice thereof
to be given at once in some newspaper
in the county, or if there be none, by
posting notices in some public place
in the precinct."

Art. 2.03, Texas Election Code of 1951 (formerly Art. 2932,
Revised Civil Statutes of Texas, 1925) reads as follows:

"In all cases where it is practi-
cable so to do, all elections -- gen-
eral, special or primary -- shall be
held in some school house, fire station
or other public building within the
limits of the election precinct in
which such election is being held.  No
charge shall be made for the use of
such building, except that any addi-
tional expense actually incurred by
the authorities in charge of such
building on account of the holding
of the election therein shall be re-
paid to them by the party who would
be liable for the expenses of holding
the election under the existing law.
If there be no public buildings so

available, such election may be
held in some other building."

In Johnson County, the Commissioners Court had duly entered
an order defining the election precincts within the city of Cle-
burne, and designating certain school buildings therein as the
places where the elections should be held.  In 1932 the school
board notified the Democratic Executive Committee and the Commis-
sioners Court that the Board would not permit the elections to
be held in the school buildings.  The Democratic Executive Commit-
tee brought suit against the Board seeking a writ of mandamus to
compel the Board to permit use of the school buildings for the
First and Second Democratic Primary Elections of 1932.  The Commis-
sioners Court intervened and prayed for a like writ with respect
to the use of the buildings for the General Election of 1932.
The trial court granted the writ of mandamus, which was affirmed
by the Court of Civil Appeals, in the case styled <u>Trustees of
Independent School District of Cleburne v. Johnson County Demo-
cratic Executive Committee, et al</u>, 52 S.W.2d 68.  The trial
court found that the school buildings designated by the commis-
sioners court as the places where the elections should be held,
were the only public buldings within the respective election
precincts.  The Supreme Court of Texas reversed the trial court
and the Court of Civil Appeals, in 122 Tex. 48, 52 S.W.2d 71,
and stated at page 72:

"We think it is manifest that
article 2932 /̲now Art. 2.03, Election
Code_/ governs only general and special
elections and not primaries, since the
place of holding primary elections is
expressly and differently provided for
in article 3103 /̲now Art. 13.04, Elec-
tion Code_/. . . .

". . .

". . . The discretion to determine
whether it is practicable to hold elec-
tions in schoolhouses, . . . , is to be
exercised by the trustees. . . The uncon-
tradicted evidence conclusively shows
that the trustees were reasonably and
faithfully exercising their discretion
in refusing to permit the schoolhouses
to be used for holding the general elec-
tion therein."

In the above case, the trial court had found that the school-
houses were the only public buildings within the election precincts.

Yet the Supreme Court of Texas upheld the right of the school district to exercise its own discretion in refusing the use of the buildings for both the primary elections and the general election. If it is discretionary with the governing board, council or commission as to whether its public buildings shall be used as polling places in elections, then there is even less power for a commissioners court or a political party to designate a privately owned building as a polling place, without permission of its owner. Since the Supreme Court has stated that Art. 2.03, Election Code, has no application to primary elections, then the action of the Laredo Independent School District's board in permitting the use of the school buildings by the first political party to ask from them is no abuse of discretion on their part. We are not in favor of discrimination against any legal political party, but in this case the Democratic party simply asked first.

Having made their arrangements for holding the Democratic Primary, is the County Judge now called upon under Art. 13.04, Election Code, to oust the Democrats from some or all of their polling places? We don't think so. The Supreme Court has already said that Art. 2.03 has no application to a primary election. Suppose the Republicans now select a building within 100 yards of a school building, already designated as a polling place for the Democrats, and call on the County Judge to make the Democrats move to some other building, so as to be 100 yards or more away from the Republican polling place. Suppose, further, that the building selected by the Republicans and the school building designated by the Democrats are the only two available buildings. To hold that Art. 13.04, Election Code, which directs polling places of different political parties in the same precinct be located at least 100 yards apart is mandatory, would be to assume that all voting precincts within the state contain at least two available buildings (and it is not impossible to have three or more political parties holding primaries on the same day) properly spaced for holding primary elections. Since the County Judge has no control over most of the buildings which might be involved in a dispute, and since the available buildings vary from precinct to precinct, to hold that Art. 13.04 was mandatory in every case would be to place the County Judge in an impossible position.

We think reasonable men, in anticipation of a coming election, ought to sit down and work out the solution to this problem, without acrimony. But where, as here, one party has acted to take care of its needs in ample time, the other party is then left with the problem of finding a suitable polling place at least 100 yards from the first party's polling place. This may not always be possible. Where there is a choice of several available buildings within an election precinct, the political

Honorable John E. Fitzgibbon, Page 5          Opinion No. WW-1324

parties ought to comply with the statute; and in such cases if polling places are designated by each party within less than 100 yards of each other, the county judge should then designate the place for each party.  But the law will not compel the County Judge to perform an impossible act.  Where the polling places of the parties are within less than 100 yards of each other, but the buildings selected are the only available buildings (and this a fact question to be decided by the County Judge), the primary election for both parties will still be held, and in the polling places selected by the respective parties.

In answer to your first question, we hold that Art. 13.04, Texas Election Code is mandatory only to the extent that compliance therewith is practicable.  In answer to your second question, we hold that where through disagreement of the County Chairmen, the polling places of their respective parties are within 100 yards of each other in the same precinct, and where there is another or other available building or buildings which could be used as polling places which comply with the statute regarding spacing, the County Judge shall settle the disagreement by designating a suitable available building or buildings for one or more parties.  Whether such other building or buildings are suitable and available is a fact question to be decided by the County Judge, at his discretion.

## S U M M A R Y

Art. 13.04, Texas Election Code is mandatory only to the extent that compliance therewith is practicable.

Where through disagreement of the County Chairmen of different political parties, the polling places of their respective parties are within 100 yards of each other in the same precinct, and where there is another or other available building or buildings which could be used as polling places which comply with Art. 13.04 regarding spacing, the County Judge shall settle the disagreement by designating a suitable available building or buildings for one or more of the parties.  Whether such other building or buildings are suitable and available is a fact question to be decided by the County Judge, at his discretion.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Riley Eugene Fletcher
Riley Eugene Fletcher
Assistant

REF/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
Henry Braswell
J. C. Davis
F. C. Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.